### BOND v. BOND.

(Supreme Court, Special Term, New York County. July 16, 1912.)

DIVORCE (§ 84*)—ARREST—BAIL—CIVIL ACTION—SURRENDER—DISCHARGE.
    Where defendant, having been arrested in a divorce action on the ground that he was about to leave the state, gave bail, and, action having been brought on the bond, defendant was surrendered by the bail to the sheriff after the time for the bail to answer had expired, so that the surrender was insufficient to discharge the bail, defendant was entitled to be discharged from imprisonment as a matter of right; plaintiff not being entitled to hold the bail and also the body.

    [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 273, 275; Dec. Dig. § 84.*]

Action by Caroline F. Bond against Frederick Bond. On motion for release of defendant from custody under an order of arrest, granted pursuant to Code Civ. Proc. § 550, on the ground that he was about to leave the state. Granted.

James F. Swanick, of New York City, for plaintiff.
Rasquin & Rasquin, of New York City, for defendant.

BRADY, J. This is an action for absolute divorce, brought by the wife against the husband. On May 25, 1908, an order was made directing the defendant to pay plaintiff $35 per week alimony during the pendency of the action. The defendant appears to have complied with this order.

On November 30, 1910, plaintiff procured an order of arrest against the defendant, under section 550 of the Code of Civil Procedure, on the ground that he was about to leave the state. Defendant was arrested under this order, and held to bail in the sum of $1,500. He offered an undertaking in that sum, with a surety company as surety, which undertaking was approved by a justice of this court; justification of sureties having been waived. The principal and surety therein undertook thereby that the defendant will obey the direction of the court, or of an appellate court, contained in an order or a judgment requiring him to perform the act specified in the order, or, in default of his so doing, that he will at all times render himself amenable to proceedings to punish him for the omission. The action was tried in April, 1911, and an interlocutory decree entered in favor of plaintiff, and in August, 1911, a final judgment was entered, which awarded plaintiff $50 per week alimony. Defendant has paid all the alimony

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

required by said order, and has paid alimony as required by the final decree up to January 28, 1912.

On the 10th day of June, 1912, the defendant was surrendered by the surety to the sheriff of the county of New York, and is now in the custody of the said sheriff. On April 26, 1912, an action was commenced in the City Court of the City of New York by the plaintiff against said surety upon said undertaking. The surrender of the defendant by the bail was made some 45 days after such action was commenced, and was not made before the time to answer therein expired, and no further time to make such surrender had been granted by order of court before surrender was actually made. Defendant now moves for an order discharging him from arrest upon the order of the court, dated November 30, 1910, and releasing him from the custody of the sheriff of the county of New York, upon the ground that his surrender and his detention by the sheriff thereafter is illegal.

Section 591 of the Code of Civil Procedure provides that, except in an action to recover a chattel, bail may surrender the defendant in their own exoneration before the expiration of the time to answer in an action against them. The surrender of the defendant here was not made within the time so limited, nor was the time to make surrender extended by order as permitted by section 601. An action against the bail was commenced on April 26, 1912. The plaintiff seeks a double relief, viz., to hold the bail because the defendant was not surrendered, and to hold the body of the defendant because he was. This is not permissible. Her remedy is against the bail alone. Baker v. Curtis, 10 Abb. Prac. 279. The defendant, it is true, has concededly failed to comply with the order of the court, and if his application were addressed to the discretion of the court, to be relieved in whole or in part from liability for such noncompliance, such application might well be denied (Merrifield v. Merrifield, 151 App. Div. 931, 136 N. Y. Supp. 87, App. Div., First Dept., June 22, 1912); but his motion here is based upon the assertion of strict legal right, and upon establishing that right, which I am satisfied he has done, he must be accorded the relief asked.

Motion granted. Settle order on notice.